UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

LARRY P. RAYMER,

        Petitioner,

v.                             **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 08-6382 (MJD/JJG)

M. CRUZ,

        Respondent.
_____

Larry P. Raymer, pro se.

Chad A. Blumenfield and Gregory G. Brooker, United States Attorney's Office, Counsel for Respondent.
_____

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated June 1, 2009 [Docket No. 17]. Petitioner Larry P. Raymer has filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the

1

record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the Report and Recommendation. The Court adopts the Report and Recommendation with the following changes:

In Section A of the Report and Recommendation: All references to subsection (3) of 18 U.S.C. § 3634(c) are replaced with subsection (4). Additionally, the Court deletes the last paragraph of Section A and replaces it with the following:

> The Court agrees that Raymer is not entitled to any particular period of halfway house or home confinement period under the Second Chance Act. Rather, the BOP must simply consider a prisoner's request for a halfway house transfer "in good faith" and in accordance with the factors in 18 U.S.C. § 3621(b). Miller v. Whitehead, 527 F.3d 752, 758 (8th Cir. 2008). In this case, the BOP conducted a full review of Raymer's halfway house and home confinement placement on April 21, 2009 and, according to the documentation submitted by Raymer, explicitly considered all five factors listed in 18 U.S.C. § 3621(b). As in Miller, there is no evidence that the warden acted in bad faith in issuing the April 21, 2009 decision providing 60 days halfway house placement.
>
> Raymer also objects to the timing of BOP's consideration of his transfer. He objects to BOP's policy that it would not conduct a full analysis of his request to transfer to a halfway house until 17 to 19 months before his projected release date, and asserts that his evaluation should have occurred 23 to 25 months before his projected release date. According to Raymer, under BOP's policy, he would not have time to be

2

eligible for both 12 months halfway house time and 6 months home confinement time provided for under the Second Chance Act. The Court holds that the language of 18 U.S.C. § 3624(c)(2) clearly demonstrates that, under that statute, the prisoner is eligible for a total of 12 months of prerelease custody, not 18 months. Subsection (c)(2) provides that a prisoner may be placed in home confinement for the shorter of 10 percent of the term of imprisonment or 6 months, based on "[t]he authority under this subsection." Therefore, subsection (c)(2) refers back to subsection (c)(1), which grants a total maximum term of 12 months, which could include up to 6 months of home confinement. Because the BOP policy requires the evaluation to occur, and the actual evaluation of Raymer in this case occurred, far before the 12 month period set forth in § 3624(c), Raymer's claim under the Second Chance Act, 18 U.S.C. § 3624, fails. He has no right to an earlier evaluation under § 3624.

> As to any potential claim for a transfer under 18 U.S.C. § 3621(b), the Eighth Circuit has explained that an inmate is not "entitled to a full-blown analysis of a request to transfer, involving individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request" Miller, 527 F.3d at 757. In any event, the BOP has now conducted an individualized consideration of Raymer's request, explicitly considering all five factors, and there is no evidence that the BOP did not act in good faith in its decision to place Raymer in a halfway house for only 60 days. See id.; Washington v. Copenhaver, No. C 09-2491 MMC (PR), 2009 WL 1814460, at *4 (N.D. Cal. June 24, 2009) ("Although petitioner may not obtain as much time in an RRC as she might desire, she has already received the only relief a court properly could order, specifically, an individualized determination in compliance with 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c).").

In Section B of the Report and Recommendation: The Court adds the following paragraph after the first two paragraphs of Section B:

> In any case, BOP has finalized new rules, which were

published in the Federal Register on October 21, 2008, and are now codified at 28 C.F.R. pt. 570. The BOP has also issued a November 14, 2008 Memorandum, which supplements the April 14, 2008 Memorandum. Raymer was considered for halfway house placement and home confinement placement on April 21, 2009, in accordance with the current BOP policy. See Stanko v. Rios, Civil No. 08-4991 (JNE/JJG), 2009 WL 1303969, at *6 (D. Minn. May 8, 2009) (when inmate will evaluated under late Second Chance Act regulations, he "suffer[ed] no injury from the late regulations").

In Section C of the Report and Recommendation: The Court declines to adopt Section C. The Court replaces Section C with the following:

>As to Raymer's Motion to Expedite [Docket No. 12], the Court has reviewed his motion and concludes that it was filed in the correct case and relates to the subject matter of Civil No. 08-6382 (MJD/JJG). In this motion, Raymer objects that, as of February 26, 2009, the BOP had still failed to consider him for RRC placement and asks that the Court expedite its consideration of his petition so that BOP will complete the RRC evaluation. The Court will deny the Motion to Expedite as moot because, based on Raymer's subsequent filings, it is apparent that the BOP has now conducted Raymer's RRC consideration. [Docket Nos. 14-15]

>As to Raymer's Motion to Amend Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 14], the Court interprets this document as a request by Raymer to admit updated documentation regarding his interaction with the BOP related to his evaluation for halfway house placement. The Court will grant this motion and has considered Raymer's submitted exhibits in reaching its decision.

The Court further denies Raymer's Motion to Expedite the Court's ruling

on the Report and Recommendation [Docket No. 23] as moot because this Court has now issued its decision.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated June 1, 2009 [Docket No. 17], with the modifications as set forth above.

2. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

3. Petitioner's Motion to Expedite [Docket No. 12] is **DENIED AS MOOT**.

4. Petitioner's Motion to Amend [Docket No. 14] is **GRANTED**.

5. Petitioner's Motion to Expedite [Docket No. 23] is **DENIED AS MOOT**.

6. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 28, 2009           s/ Michael J. Davis
                                                         Michael J. Davis
                                                         Chief Judge
                                                         United States District Court